## PROSECUTION FOR KEEPING INTOXICATING LIQUOR IN DRY TERRITORY.

Court of Appeals for Belmont County.

HAROLD STEPHENS v. STATE OF OHIO.

Decided, June 23, 1915.

*Intoxicating Liquors—Keeping of, in Dry Territory—Exception of the Statute as to Bona Fide Residence Not Applicable, When.*

Where intoxicating liquor is found in considerable quantities in a room rented by the defendant in dry territory, and in which some of his other property was also found, the exception embodied in Section 6102, General Code, as to liquor kept in drug stores and *bona fide* private residences is not applicable, where the room was but six feet wide and eight feet long and was without bed or bedding.

*Nathan H. Barber*, for plaintiff in error.
*Smith, Howard & Thornburg*, contra.

HOUCK, J. (sitting in place of Pollock, J.).

This cause is here on error from the Common Pleas Court of Belmont County, Ohio. On the 10th day of July, 1914, the plaintiff in error, Harold Stephens, was charged in an affidavit filed before Mayor G. A. Colpitts, of Barnesville, Ohio, with a violation of the liquor laws of the state of Ohio.

The affidavit charges that the said Harold Stephens, from the 8th day of July, 1914, to the 10th day of July, 1914, both inclusive, at the village of Barnesville, county of Belmont and state of Ohio, did then and there unlawfully keep a place where intoxicating liquors were then and there kept for furnishing and giving away as a beverage; that the keeping of said place as aforesaid by the said Harold Stephens was then and there prohibited and unlawful, and contrary to Section 13225 of the General Code of Ohio, and against the peace and dignity of the state of Ohio.

The said Harold Stephens was arrested on said charge, taken before said mayor, and entered a plea of. not guilty thereto. A trial was had, and he was convicted, and a fine and sentence imposed upon him by said mayor. A motion for a new trial was filed, heard and overruled. To the judgment of conviction and overruling of the motion for a new trial error was prosecuted to the court of common pleas of this county, and the judgment of the mayor was affirmed, and error is now prosecuted to this court to reverse the judgment of the common pleas court in affirming the judgment of the mayor.

Numerous grounds of error are alleged in the petition in error, but two grounds are relied upon in the brief of counsel for plaintiff in error, to-wit:

First, because the testimony is insufficient to sustain the judgment of the court.

Second, because the judgment is against the weight of the evidence and is contrary to law.

The evidence as disclosed by the record shows that the defendant below, the plaintiff in error, rented a room in a dwelling house occupied by Mrs. Fisher, in the village of Barnesville, Belmont county, Ohio; that said room had no windows in it, and that the next day there was found in said room that was rented by the defendant below, the plaintiff in error, ninety-three bottles of whiskey in three sacks, a whiskey barrel with a small door opening in the side, a coat and a note book therein with the name of Harold Stephens on the flyleaf, and a picture of the mother of plaintiff in error. The evidence shows that the book found in the coat belonged to the plaintiff in error, and that the coat was one worn by him at or about the time of his arrest and conviction.

The plaintiff in error claims favor under Section 6102 of the General Code of Ohio, which reads as follows:

"In a territory in which the sale, furnishing or giving away of intoxicating liquor as a beverage is prohibited, the keeping of intoxicating liquor in a room, building or other place, except in a regular drug store or in a *bona fide* private residence, shall

be *prima facie* evidence that such liquor is kept for unlawful sale, furnishing or giving away.''

The evidence, as shown by the record in this case, discloses the fact that the plaintiff in error never occupied this room as a residence, and, as a matter of fact, the evidence discloses that there was no bed or bedding in the room, and that the room was about six feet wide and eight feet long, and without windows, and that from the location of the building and its surroundings it would not be a proper room to be used as a habitation.

Counsel for plaintiff in error maintain that the room was a *bona fide* residence of the plaintiff in error, and that therefore the section of the statute above referred to is applicable to the case at bar, and by reason thereof the plaintiff in error was not properly or legally convicted of the offense charged in the affidavit.

From an examination of the record, and relying wholly and entirely upon it, and applying the above section of the General Code thereto, we are of the opinion that the plaintiff in error, the defendant below, was properly and legally convicted under the facts as disclosed by the record; and there being no error in the record prejudicial to the rights of plaintiff in error, the judgment is affirmed, and the cause remanded for execution.

POWELL, J. (sitting in place of Metcalfe, J.), and SPENCE, J., concur.